**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Farley Thomas III,<br><br>                    Plaintiff,<br><br>vs.<br><br>TransUnion Corp., et al.,<br><br>                    Defendant. | 2:25-cv-01943-APG-MDC<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 6)** |

Pro se plaintiff filed a renewed *Applications to Proceed in Forma Pauperis* ("IFP"). *ECF No. 6.* The Court has reviewed plaintiff's second filed IFP application and **DENIES** it because plaintiff did not fully comply[1] with the Court's previous Order (See ECF No. 4), but the Court gives plaintiff another chance to comply.

## I.      LEGAL STANDARD

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours &*

---

[1] Plaintiff is a frequent filer in this Court, and he objected (which is his right) to the Court's order denying his IFP application in this case (which has now been resolved at ECF No. 7) and in one of his other cases, which has also now been resolved. See *Thomas, III v. Systems & Services Technologies Inc.*, 2:25-cv-01945-CDS-MDC (D. Nev. June 9, 2025) at ECF No. 8.

*Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or his poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See *e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL,

2016 WL 7493963 (D. Nev. Dec. 30, 2016).

## II.    PLAINTIFF'S IFP APPLICATION

The Court ordered plaintiff to file the long form, but based on plaintiff's answers in the long form, it is unclear why plaintiff cannot afford to pay the filing fee in this case. Plaintiff states that he makes $2,800-$3,200 a month and his spouse makes about $2,800 a month. *ECF No. 6 at 1*. Plaintiff states that he has approximately $5,013 in monthly expenses. *Id. at 5*. The Court notes that in plaintiff's application in another pending case in this District, Case Nos. 25-cv-01524-APG-MDC, plaintiff attributes expenses to his wife which he does not do in his application in this case.  Plaintiff's IPF applications must be consistent. Plaintiff states that a cannabis business owes him over $10,000. he also owns a smoke shop and expects to make another $10,000 from that venture. *Id. at 3 and 5*. He also states that he owns $9,000 in unidentified assets but he does not provide any information about his assets. *ECF No. 6 at 3*. While plaintiff states that his wife was expected to take an unpaid maternity leave in November 2025, which reduced his monthly income, plaintiff also states he is pursuing a smoke shop business venture. *Id. at 5*.  Given the information provided by plaintiff, it appears that *pauperis* status is not appropriate and that plaintiff can afford to pay the filing fee.  Based on plaintiff's ownership of assets and high family income, it is unclear why plaintiff cannot afford to pay the filing fee.

The Court finds that plaintiff did not fully comply with the Court's prior order (ECF No. 4) and that his renewed IFP application (ECF No. 6) is incomplete. The Court cannot determine if plaintiff qualifies for IFP status. However, the Court will give allow plaintiff another opportunity to provide additional information, clarifications, and updated financial information to show that he qualifies for IFP status. Plaintiff must submit the long form application and provide updated financial information. Plaintiff must answer all questions on the long form with detailed explanations about his income and expenses. Plaintiff cannot leave any questions blank, cross questions out, or respond that a question is

3

"N/A" without an explanation. In response to question eleven on the long form, plaintiff must provide an update regarding his income, which includes (1) whether he has received the $10,000 plus he was owed by the cannabis business; (2) the status of the smoke shop business he intended to open and his financial contribution towards that business; his smoke shop income, an; (3) an explanation/identification of the other assets listed at estimated values of $7000 and $2000, respectively; and (4) whether his wife has returned to work from her November 2025 expected maternity leave, about his assets, and his wife's current income.

Plaintiff states that he also owns a smoke shop and expects to make another $10,000 from that venture. *Id. at 3 and 5*. He also states that he owns $9,000 in assets, but he does not provide any information about his assets. *ECF No. 6 at 3*. Based on plaintiff's ownership of assets and high family income, it is unclear why plaintiff cannot afford to pay the filing fee.

The Court finds that plaintiff did not fully comply with the Court's prior order (ECF No. 4) and that his renewed IFP application (ECF No. 6) is incomplete. The Court cannot determine if plaintiff qualifies for IFP status. The Court will allow plaintiff another opportunity to show that he qualifies for IFP status. Plaintiff must submit the long form application. Plaintiff must answer all questions on the long form with detailed explanations about his income and expenses. Plaintiff cannot leave any questions blank, cross questions out, or respond that a question is "N/A" without an explanation. In response to question eleven on the long form, plaintiff must provide an update regarding his income, which includes his smoke shop income, an explanation about his assets, and his wife's current income.

**IT IS SO ORDERED THAT:**

1. Plaintiff's *Application To Proceed In Forma Pauperis* (ECF No. 6) is **DENIED** without prejudice, with leave to refile.

2. By **July 23, 2026**, plaintiff shall either (1) file the long form application to proceed in forma

4

pauperis as specified in the Court's order or (2) plaintiff must pay the full fee for filing a civil action.

3. Failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED June 26, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**